UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIZABETH RAMOS,

                            Plaintiff,

              -against-                                          **COMPLAINT**

METROPOLITAN      TRANSIT      AUTHORITY,        **JURY TRIAL DEMANDED**
TRIBOROUGH      BRIDGE      AND      TUNNEL
AUTHORITY, SGT. DAMARIS CRESPO, Shield No.        **ECF CASE**
486, Individually and in his/her Official Capacity,
BRIDGE AND TUNNEL OFFICER DANIELLE RUSH,
Shield No. 2561, Individually and in her Official
Capacity, SGT. RICHARD CARPINONE, Shield No.
2801, Individually and in his Official Capacity, and
B.T.O.s "JOHN DOE" #1-10, Individually and in their
Official Capacity (the name John Doe being fictitious, as
the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------X

        Plaintiff ELIZABETH RAMOS, by her attorneys, COHEN & FITCH LLP, complaining

of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ELIZABETH RAMOS is a Hispanic female and has been at all relevant times a resident of New York County in the City and State of New York.

7.      Defendant, METROPOLITAN TRANSIT AUTHORITY (hereinafter "MTA"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY (hereinafter "TBTA"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, MTA, maintains the Metropolitan Transit Authority Police Department (including a Bridge and Tunnel Unit), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, MTA.

10.     Defendant, TBTA, maintains the Triborough Bridge and Tunnel Authority Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, MTA.

11.     At all times hereinafter mentioned, SGT. DAMARIS CRESPO, Shield No. 486, Individually and in his/her Official Capacity, BRIDGE AND TUNNEL OFFICER (hereinafter "B.T.O.") DANIELLE RUSH, Shield No. 2561, Individually and in her Official Capacity, SGT. RICHARD CARPINONE, Shield No. 2801, and, B.T.O.s JOHN DOE #1-10, were duly sworn police officers of the MTA Police Department and/or TBTA Police Department and were acting under the supervision of said department(s) and according to their official duties.

12.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York, City of New York, MTA and/or TBTA.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant MTA and/or TBTA.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant MTA and/or TBTA.

## **FACTS**

15.     On or about May 14, 2016 at approximately 2:45 a.m., plaintiff ELIZABETH RAMOS was lawfully in the vicinity of 600 E. 125th St. New York, NY (the Robert F. Kennedy Bridge (hereinafter "RFK Bridge"), formerly the Triborough Bridge).

16.     At the aforesaid time and place, Ms. Ramos was accosted by defendant police officers who transported her to a nearby police precinct and then arrested her without probable cause, by handcuffing her arms tightly behind her back.

17.    Subsequently, Ms. Ramos' person and property were searched without her permission or consent and she was detained at said precinct for several hours.

18.    At said precinct, Ms. Ramos requested medical attention, but none was provided.

19.    Subsequently, Ms. Ramos was charged with Theft of Services and Resisting Arrest.

20.    At no time on May 14, 2016, did the plaintiff resist arrest, attempt to obtain or actually obtain public transportation services without payment of the lawful charge therefor with the intent to avoid payment of the lawful change for such public transportation service rendered to her, nor did she obtain or attempt to obtain such service, nor did she avoid, or attempt to avoid payment therefor by force, intimidation, stealth, deception, mechanical tampering or by the unjustified failure to pay, nor did she commit any crimes or offenses, nor did she behave unlawfully in any way.

21.    At no time on May 14, 2016, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

22.    At no time on May 14, 2016, did defendants possess probable cause to arrest plaintiff.

23.    At no time on May 14, 2016, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

24.    Thereafter, defendants confined Ms. Ramos in a holding cell without her consent for several hours before she was transported to another nearby police precinct where she was further searched and further detained for several additional hours.

25.     Subsequently, claimant was transported to Central Booking where he was further detained in a holding cell for several hours until she was released following criminal court arraignment.

26.     In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office (hereinafter "DANY Office") – namely, defendant CRESPO falsely stated to the DANY Office that she observed a taxi cab stopped at the aforementioned location, observed Ms. Ramos in the back of the taxi cab, and observed Ms. Ramos refusing to pay for the toll bridge and the fair. Defendant CRESPO also falsely stated to the DANY Office that Ms. Ramos stated in substance "I'm not going to pay the fare." In addition, defendant CRESPO falsely informed the DA's Office that twice she ordered Ms. Ramos to exit the taxi cab and walk to the walkway and that twice Ms. Ramos refused to walk to the walkway and that when she went to place Ms. Ramos under arrest, Ms. Ramos refused to put her hands behind her back and locked her hands to her side making it difficult for defendant CRESPO to place Ms. Ramos under arrest without the use of physical force.

27.     As a result of her unlawful arrest, Ms. Ramos spent approximately thirty (30) hours in custody before being released following criminal court arraignment.

28.     Subsequently, Ms. Ramos was maliciously prosecuted in New York County under docket number 2016NY030734 over the course of approximately eight (8) months, spanning approximately six (6) court appearances, before all charges against her were dismissed in their entirety on or about January 24, 2017.

29.     In addition, as a result of this unlawful arrest, Ms. Ramos was terminated from her job.

30.     As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

32.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the MTA Police Department and/or the TBTA Police Department, all under the supervision of ranking officers of said department(s).

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

37.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

38.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

39.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

41.     Defendants misrepresented and falsified evidence before the New York County District Attorney.

42.     Defendants did not make a complete and full statement of facts to the District Attorney.

43.     Defendants withheld exculpatory evidence from the District Attorney.

44.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff ELIZABETH RAMOS.

45.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff ELIZABETH RAMOS.

46.     Defendants acted with malice in initiating criminal proceedings against plaintiff ELIZABETH RAMOS..

47.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ELIZABETH RAMOS.

48.     Defendants lacked probable cause to continue criminal proceedings against plaintiff ELIZABETH RAMOS.

49.     Defendants acted with malice in continuing criminal proceedings against plaintiff ELIZABETH RAMOS.

50.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51.     Specifically, defendants' made the aforementioned false and misleading allegations regarding the circumstances surrounding plaintiff's arrest.

52.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about January 24, 2017.

53.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for his safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

54.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

55.     Defendants created false evidence against the plaintiff.

56.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office – namely, defendant CRESPO falsely stated to the DANY Office that she observed a taxi cab stopped at the aforementioned location, observed Ms. Ramos in the back of the taxi cab, and observed Ms. Ramos refusing to pay for the toll bridge and the fair. Defendant CRESPO also falsely stated to the DANY Office that Ms. Ramos stated in substance "I'm not going to pay the fare." In addition, defendant CRESPO falsely informed the DA's Office that twice she ordered Ms. Ramos to exit the taxi cab and walk to the walkway and that twice Ms. Ramos refused to walk to the walkway and that when she went to place Ms. Ramos under arrest, Ms. Ramos refused to put her hands behind her back and locked her hands to her side making it difficult for defendant CRESPO to place Ms. Ramos under arrest without the use of physical force.

57.     Defendants misled the prosecutors by creating false evidence against the plaintiff and thereafter providing the aforementioned false statements throughout the criminal proceedings.

58.     In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for his safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

60.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of the MTA and/or TBTA include, but are not limited to, the following unconstitutional practices:

   i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

   ii.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

   iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct;

63.     The foregoing customs, policies, usages, practices, procedures and rules of the MTA and/or TBTA and MTA Police Department and/or TBTA Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the MTA and/or TBTA and MTA Police Department and/or TBTA Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the MTA and/or TBTA and MTA Police Department and/or TBTA Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

66.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

67.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

68.     The acts complained of deprived the plaintiff of his right:

      a.    Not to be deprived of liberty without due process of law;

      b.    To be free from seizure and arrest not based upon probable cause;

      c.    Not to have summary punishment imposed upon him; and

      d.    To receive equal protection under the law.

## PENDANT STATE CLAIMS

69.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

70.     On or about April 14, 2017 and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with both defendants MTA and TBTA, Notices of Claim setting forth all facts and information required under the General Municipal Law § 50 (e) and Public Authorities Law § 1276 (2).

71.     Thereafter, on or about June 12, 2017 the plaintiff duly served upon, presented to and filed with both defendants MTA and TBTA by certified mail, Amended Notices of Claim setting forth all facts and information required under the General Municipal Law § 50 (e) and Public Authorities Law § 1276 (2).

72.     Defendants MTA and TBTA have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid pursuant to Public Authorities Law § 1276 (1).

73.     Defendants MTA and TBTA demanded a hearing pursuant to General Municipal Law § 50-h and Public Authorities Law § 1276 (4) and said hearing took place on June 12, 2017.

74.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

76.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**<u>MALICIOUS PROSECUTION</u>**

77.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

78.     On or about May 14, 2016, defendants commenced a criminal proceeding against plaintiff.

79.     Defendants lacked probable cause to commence said criminal proceeding against plaintiff.

80.     Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff.

81.     From May 14, 2016 through January 24, 2017, plaintiff was forced to repeatedly make appearances in Criminal Court to defend herself against the unlawful prosecution initiated by defendants.

82.     As a result of the malicious prosecution against her, plaintiff spent approximately eight (8) months making court appearances.

83.     On or about January 24, 2017, the criminal prosecution against plaintiff terminated in her favor and all charges against her were dismissed.

84.     As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

85.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

117.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

118.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendants MTA and/or TBTA.

119.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendants MTA and/or TBTA.

120.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

86.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental.

**THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

87.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

88. Defendants MTA and/or TBTA selected, hired, trained, retained, assigned and supervised all members of its Police Departments, including the defendants individually named above.

89. Defendants MTA and/or TBTA were negligent and careless when they selected, hired, trained, retained, assigned, and supervised all members of their Police Departments including the defendants individually named above.

90. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i.   an order awarding compensatory damages in an amount to be determined at trial;

    ii.   an order awarding punitive damages in an amount to be determined at trial;

    iii.   reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.   directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       August 11, 2017

                  BY:      _____/S_____

                            JOSHUA FITCH
                            GERALD COHEN
                            ILYSSA FUCHS
                            COHEN & FITCH LLP
                            233 Broadway, Suite 1800
                            New York, N.Y. 10279
                            (212) 374-9115
                            jfitch@cohenfitch.com
                            gcohen@cohenfitch.com
                            ifuchs@cohenfitch.com